IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RUSSELL JENNINGS, | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 2: 13-cv-796 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Terrence F. McVerry |
| | ) | |
| MICHAEL MACHEN, Public Defender; | ) | United States Magistrate Judge |
| FRANK DERMODY, Assistant District | ) | Cynthia Reed Eddy |
| Attorney; and RAYMOND NOVAK, Retired | ) | |
| Common Pleas Judge, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

Plaintiff Russell Jennings, a *pro se* non-prisoner, seeks permission to proceed in forma pauperis to file a civil action against his former public defender, the former prosecutor in his criminal case, and the trial judge who presided over his criminal trial, all of whom are alleged to have participated in a conspiracy against him. It is recommended that Plaintiff be granted leave to proceed in forma pauperis; however, because the claims in the Complaint are factually frivolous, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**II. REPORT**

A. *Background*

Initially, the Court notes that the Complaint is far from a model of clarity as it lacks specificity in its details and the relief sought. Plaintiff names as defendants Michael Machen, his former public defender; Frank Dermody, former Assistant District Attorney, now a Representative in the Pennsylvania House of Representatives; and Raymond Novak, retired

1

Judge of Allegheny County Court of Common Pleas. It appears that Plaintiff is contending that a criminal complaint filed against him in 1988 was brought outside the statute of limitations period and that the Defendants are "all parties involved who knew about the civil violations or they conspired together for their own political gains . . . ." Complaint at ¶ 6. The Complaint further states that "the civil rights violations by Commonwealth Court has cause a lifetime Megans law on the plaintiff . . ." and that the "15 years that Plaintiff suffered was cruel and unusual punishment . . . ." *Id*. at ¶¶ 7, 9. As relief, Plaintiff is asking for a jury trial and that this Court "remove [him] from the Megans law website and restore [his] good name back into society." *Id*.[1]

As Plaintiff's claims are based on his state criminal conviction, a brief overview of that proceeding is warranted. Plaintiff was accused of rape, statutory rape, involuntary deviate sexual intercourse, terroristic threats, and corruption of minors by a criminal complaint on October 2, 1987. "The charges stemmed from [Plaintiff's] attacks, which occurred during the period from fall of 1982 to spring of 1983, on his girlfriend's daughter, then eleven years old." *Commonwealth v. Jennings*, 592 A.2d 1370, 1371 (Pa. Super. Ct.), *appeal denied*, 600 A.2d 952 (Pa. 1991)(table). In February, 1988, the Commonwealth was permitted to file the information after an *non est investus* (he is not found) hearing was conducted by the trial court. In April 1988, Plaintiff was arrested on other charges and served with the warrant for the offenses while in custody. In 1989, a jury convicted Defendant on all charges. On May 22, 1989, Plaintiff was sentenced to seven and one-half (7-1/2) to fifteen (15) years imprisonment.

---

[1] Megan's Laws generally require mandatory registration of certain convicted sex offenders with law enforcement authorities and community notification. *See Smith v. Doe*, 538 U.S. 84, 89 (2003).

Throughout the years, Plaintiff has repeatedly attacked his conviction, sentence, and the execution of his sentence, by filing post-trial motions in state court (See Court of Common Pleas docket) and filing petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254, none of which has been successful to date. *See., e.g., Jennings v. Morgan*, No. 2: 93-cv-00158 (W.D. Pa) (Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254) (petition denied because none of the claims raised in federal habeas petition were exhausted through Pennsylvania's Post Conviction Relief Act); *Jennings v. Price*, No. 2: 98-cv-00222 (W.D. Pa.) (Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254).

Plaintiff initiated this action on June 11, 2013. Although the Complaint is void of factual details, the Complaint's jurisdictional statement probably best describes the gist of this action:

> THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO STATUE (SIC) OF LIMITATIONS PENNSYLVANIA RAPE SHIELDS LAW TO THE MANDATORY FIVE YEAR STATUE OF LIMITATIONS TO BRING CHARGES AGAINST THE PLAINTIFF THE COMMONWEALTH DID NOT MEET ITS BURDEN OF PROOF FROM THE FALL OF 1982 TO 1989 IS A TOTAL OF SEVEN YEARS, THE 1982 COMPLAINT FILED BY THE DISTRICT ATTORNEY'S OFFICE OF ALLEGHENY COUNTY WAS AN ABUSE OF AUTHORITY TO VIOLATE PLAINTIFF CIVIL RIGHTS.

The Complaint and Exhibits appear to be alleging that, in addition to engaging in a conspiracy, Defendant Machen was ineffective as trial counsel; that Defendant Dermody, while Assistant District Attorney, committed prosecutorial misconduct because he filed the criminal complaint knowing the statute of limitations had expired; and that Defendant Novak ignored Plaintiff's filings in the Common Pleas Court of Allegheny County.

B.   *Standards for Sua Sponte Dismissal*

While 28 U.S.C. § 1915 authorizes litigants like Plaintiff to proceed *in forma pauperis* ("IFP"), such status is a privilege which may be denied when abused. After granting IFP status, the Court must dismiss the case *sua sponte* if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). To that end, the Court can *sua sponte* dismiss IFP cases "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint is "frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke,* 490 U.S. at 325 (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Powell v. Hoover,* 956 F. Supp. 565, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. *See Estelle v. Gamble*, 429 U.S. 97 (1976). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those contradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Or put another way, a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Dismissal is proper under Rule 12(b)(6) where the court determines that the contradicted facts alleged, taken as true and viewed in a light most

5

favorable to the plaintiff, fail to state a claim as a matter of law. *See., e.g., Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

C.  *Analysis*

1.  <u>Claims are Barred by the Statute of Limitations</u>

It is well established that there is no independent statute of limitations for bringing a claim under 42 U.S.C. § 1983 in federal court. Instead, the United States Court of Appeals for the Third Circuit has determined that "the [forum] state's statute of limitations for personal injury" applies to claims filed under 42 U.S.C. § 1983. *Sameric Corp. of Delaware v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The statute of limitations for personal injury actions in Pennsylvania is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524. In this case, the criminal complaint of which Plaintiff is complaining was filed in 1988. Plaintiff did not file this Complaint until almost twenty-five years after the complaint was filed and his conviction became final. As such, his claims are time barred and no exception to or tolling of the limitations period applies.[2]

2.  <u>Claims Are Barred By *Heck v. Humphrey*</u>

Next, to the extent that Plaintiff alleges that defendants wrongfully procured an illegitimate criminal conviction against him, Plaintiff's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477, 478-79 (1994). In *Heck*, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting

---

[2]  Plaintiff offers no explanation for the delay in filing this lawsuit other than to state that "it took me a long time to recover from mental anguish to put this civil complaint together in the interest of justice." Complaint at ¶ 7. Interestingly, the Court notes that Plaintiff appears to have had no trouble filing his post-trial motions or his two (2) federal habeas cases. Accordingly, the Court finds Plaintiff's statement to be unpersuasive.

6

that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence, and caused an illegal voice identification procedure to be used at his state trial. *Heck*, 5132 U.S. at 479. The Supreme Court rebuffed such an effort and held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87.

To the extent that Plaintiff is attempting to establish that Defendants conspired against him to bring an untimely criminal complaint, success in establishing such would necessarily render his conviction or sentence invalid. *See, e.g., Abella v. Rubino*, 63 F.3d 1063, 1064, 1065 (11th Cir. 1995) (holding that the plaintiff's argument that the defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred under *Heck* because "[j]udgment in favor of Abella on these claims [that the defendants unconstitutionally conspired to convict him of crimes he did not commit] 'would necessarily imply the invalidity of his conviction'."); *Zhai v. Cedar Grove Municipality*, 183 F. App'x 253, 255 (3d Cir. 2006) ("Zhai's conspiracy claims under 42 U.S.C. §§ 1985- 1986 are based on her allegation that the officers, prosecutor, and judge conspired to bring false charges to secure a release for any civil liability resulting from the incident. However, these claims are

7

barred, along with her challenges to the guilty plea itself, by *Heck v. Humphrey*" ). Therefore, pursuant to the reasoning of *Heck*, Plaintiff's claims are not cognizable in this civil rights action absent an invalidation of his conviction.[3]

### 3. Absolute Judicial Immunity

The Honorable Raymond Novak, as a member of the State judiciary, is entitled to have the complaint dismissed against him on the basis of absolute judicial immunity because all of the allegations contained in the complaint show that Plaintiff dealt with Defendant Novak solely in his capacity of presiding over Plaintiff's criminal case.

The doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity, *i.e.,* whose challenged actions are taken in the course of their judicial activities and whose actions are not lacking jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). Moreover, the doctrine of judicial immunity renders a judge not only immune from damages but also immune from suit. *Id.* at 11 ("judicial immunity is an immunity

---

[3] In *Heck*, the Plaintiff sought money damages whereas in the case at bar it appears that Plaintiff is seeking money damages as well as injunctive relief. Courts, however, have held that regardless of the relief sought in a § 1983 suit, if success by the plaintiff would necessarily imply the invalidity of a criminal conviction, *Heck* bars the suit. *See, e.g., Allen v. Campbell*, 194 F.3d 1311 (Table), 1999 WL 1000833, at * 1 (6th Cir. 1999) ("A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief."); *Hall v. Woodall*, 181 F.3d 101 (Table), 1999 WL 313886, at *2 (6th Cir. 1999) (" Heck applies even though Hall sought injunctive relief."); *Buckley v. Ortega*, 165 F.3d 35 (Table), 1998 WL 808032, at * 1 (9th Cir. 1998) ("Because a judgment, for monetary relief or otherwise, in favor of Buckley would necessarily imply the invalidity of his guilty plea conviction and sentence, and because he has not shown that his conviction and sentence have been previously invalidated, the district court properly granted summary judgment in favor of Ortega and Rachow); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) ("declaratory or injunctive relief claims . . . which challenge the validity of the claimant's conviction or sentence and seek release-are simply not cognizable under § 1983."); *Mitchell v. Grynkewicz*, 2012 WL 580164 n.2 (M.D. Pa. Jan. 31, 2012), *Report and Recommendation Adopted by* 2012 WL 580159 (M.D. Pa. Feb. 21, 2012). Hence, because Plaintiff's claims necessarily call into question the validity of conviction, his claims must be dismissed under *Heck*.

from suit, not just from ultimate assessment of damages.") Here, the complaint makes clear that the actions taken or not taken by Judge Novak and, complained of by Plaintiff, were actions taken in his judicial capacity and thus, judicial immunity bars Plaintiff's claims against him in this suit. Moreover, even allegations of procedural irregularities, failures to comply with the law or acting in bad faith are not sufficient to overcome absolute judicial immunity. *Figueroa v. Blackburn*, 208 F.3d 435 (3d Cir. 2000) (failure to comply with state court rule did not strip judge of immunity). *See also Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice.")

To the extent that Plaintiff's requested relief can be construed as a request for injunctive relief against Judge Novak, such claims for injunctive relief are likewise subject to the bar of judicial immunity. What the court held in *Fox v. Lee* is equally applicable here:

> Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's complaint does not allege that either of these prerequisites to injunctive relief were met, and therefore his claim for injunctive relief is dismissed as well. *See Montero v. Travis,* 171 F.3d 757, 761 (2d Cir. 1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Ackermann v. Doyle,* 42 F. Supp. 2d 265, 273 (E.D.N.Y. 1999) (dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable); *Reilly v. Weiss*, No. 97-CV-05883, 1998 WL 1110695, at *1 n.3 (D.N.J. June 15, 1998) (same).

*Fox v. Lee*, 99 F. Supp.2d 573, 575-76 (E.D. Pa. 2000). Hence, any claims for injunctive relief should be dismissed as well. The claims against retired Common Pleas Judge Raymond Novak should be dismissed with prejudice.

### 4. Prosecutorial Immunity

Prosecutors are entitled to absolute immunity for acts "intimately associated with the judicial phase of the criminal process." *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). To determine immunity, the Court must examine "the nature of the function performed, not the identity of the actor who performed it." *Id*. (citing *Forrester*, 484 U.S. at 229).

Here, all allegations against Defendant Dermody are related to his prosecutorial role in Plaintiff's criminal proceedings, and, therefore, Defendant Dermody is entitled to absolute immunity. *See Imbler*, 424 U.S. at 430 (holding that allegations of false testimony and suppressed material evidence were "intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force"). Accordingly, the claims against Defendant Dermody should be dismissed with prejudice.

### 5. Claims Against The Public Defender

Generally, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under § 1983 when acting within the scope of their professional duties. *Black v. Bayer*, 672 F.2d 309, 317 (3d Cir.), *cert. denied*, 459 U.S. 916 (1982). Even if not "immune" from suit or liability, an attorney may be entitled to dismissal of a civil rights action on the ground that it fails to state a claim, because lawyers, typically, are not "state actors." "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Similarly, a public defender "does not act under

10

color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Co. v. Dodson*, 454 U.S. at 325. A public defender (as any other private person) does act "under color of state law," however, when engaged in a conspiracy with state officials to deprive a defendant of federal rights. *Tower v. Glover,* 467 U.S. 914 (1984).

In the case at bar, Plaintiff alleges no facts that would suggest that the public defender defendant was acting in any capacity other than his traditional capacity as counsel. Further, to sufficiently allege a conspiracy, a plaintiff must make specific factual allegations of combination, agreement or understanding among all or between any of the defendants to "plot, plan or conspire to carry out the alleged chain of events." *Marchese v. Umstead*, 110 F. Supp.2d 361, 371 (E.D. Pa. 2000). The allegations in the Complaint are vague and conclusory and simply do not present a cognizable § 1983 conspiracy claim.

Accordingly, the claims against Defendant Machen should be dismissed with prejudice.

### 6. Leave to Amend is Not Warranted

Ordinarily, a plaintiff may be granted "leave [to amend] . . . when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp*., 1 F.3d 1406, 1414 (3d Cir. 1993). However,"[a]llowing leave to amend where 'there is a stark absence of any suggestion by the plaintiffs that they [might] develop any new facts since the action was commenced, which would, if true, cure the defects in the pleadings . . ., would frustrate Congress's objective in enacting this statute of 'provid[ing] a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis'." *Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp.,* 394 F.3d 126, 164 (3d Cir. 2004). As discussed supra, Plaintiff's claims are barred for a number of reasons. Plaintiff cannot change that by re-pleading. Therefore, granting him leave to amend would necessarily be futile.

### III. CONCLUSION

It is recommended that Plaintiff be granted leave to proceed in forma pauperis; however, because the claims in the Complaint are factually frivolous, it is recommended that the Complaint be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2).

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Plaintiff is allowed until **October 3, 2013** to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

*Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

Dated: September 16, 2013


cc:   RUSSELL JENNINGS
      125 S. 6th Street
      Apt. #212
      Duquesne, PA 15110